UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EBERAIA D. FIELDS, <br><br> Plaintiff, <br><br> v. <br><br> ALEC S. VANTUINEN, BEEBOUT, and B. FUNK, <br><br> Defendants. | CAUSE NO. 3:22-CV-467-JD-MGG |

OPINION AND ORDER

Eberaia D. Fields, a prisoner without a lawyer, filed a complaint against three Logansport Police Officers. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Fields alleges Officer Alec S. Vantuinen used excessive force while arresting him on February 21, 2020. He alleges Officer Beebout and B. Funk did not intervene to stop Officer Vantuinen. He signed the complaint on June 12, 2022. Even giving him the benefit of the prison mailbox rule (which allows incarcerated litigants to have their

papers "filed" on the day they are deposited in the institution's internal mail system), this complaint is untimely. *See Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001).

"Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Though the statute of limitations is an affirmative defense, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Because it is too late to bring these claims, the complaint is legally frivolous.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Here, an amendment would be futile because Fields cannot correct the untimeliness of his complaint.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A because it is legally frivolous.

SO ORDERED on June 22, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT